

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 5492 | DATE | 12/16/2004 |
| CASE TITLE | Khan vs. Achim, et. al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, petitioner's motion to stay is denied. The petition for writ of habeas corpus is dismissed for lack of subject matter jurisdiction. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| X | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 16 2004 date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MOAZ KHAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 04 C 5492 |
| v. ) | |
| ) | Honorable John W. Darrah |
| DEBORAH ACHIM, Field Office ) | |
| Director, Chicago Office, United States ) | |
| Department of Homeland Security, ) | DOCKETED |
| Immigration and Customs Enforcement; ) | |
| CRAIG ROBINSON, Field Office ) | DEC 1 6 2004 |
| Director, New Orleans Office; ) | |
| MICHAEL GARCIA, Assistant ) | |
| Secretary, United States Immigration ) | |
| and Customs Enforcement; ) | |
| JOHN ASHCROFT, Attorney General ) | |
| of the United States; and ) | |
| TOM RIDGE, Secretary of the ) | |
| United States Department of ) | |
| Homeland Security, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner, Moaz Khan, filed a Writ of Habeas Corpus against Respondents, Deborah Achim, Craig Robinson, Michael Garcia, John Ashcroft, and Tom Ridge, after he was ordered removed from the country. In his Writ of Habeas Corpus, Petitioner asserts a number of claims relating to a plea of guilty he made in an Illinois criminal case, including claims of ineffective assistance of counsel and a claim for involuntary plea by reason of lack of mental capacity. Based on these claims, Petitioner contends that he was denied due process. Presently before the Court is Petitioner's Motion for Stay of Deportation and Petition for a Writ of Habeas Corpus.

## **BACKGROUND**

The facts, for the purposes of this motion, are as follows. Petitioner is a native citizen of Pakistan who came to the United States as a lawful, permanent resident. Thereafter, he was arrested and convicted for the offense of home invasion while armed or with use of force, a Class X felony, in the Illinois state courts. 720 ILCS 5/12-11(a)(1). While the criminal charges were pending, he left the United States to go to Pakistan and later returned to the United States. However, because his criminal charges were pending, Petitioner was not admitted into the United States upon his return; but, rather, he was paroled back into the country. After his conviction, Petitioner was sentenced to six years in the Illinois Department of Corrections.

Upon his release from jail, Petitioner was released into the custody of the United States Immigration and Customs Enforcement; and removal proceedings were commenced against Petitioner. Petitioner then appeared before an immigration judge; and it was determined, after a full hearing on the merits, that: (1) Petitioner was convicted of a crime of moral turpitude, and (2) Petitioner was ineligible for relief under the United Nations Convention Against Torture and Other Forms of Cruel, Inhumane, or Degrading Treatment of Punishment.

Petitioner appealed to the Board of Immigration Appeals. The Board of Immigration Appeals affirmed the decision of the immigration judge on July 16, 2004. On August 20, 2004, Petitioner filed the instant Petition for a Writ of Habeas Corpus. At no time did Petitioner seek to appeal the decision of the Board of Immigration Appeals to the Seventh Circuit.

Petitioner also filed a petition for post-conviction relief in the state courts after the conclusion of his proceedings at the Board of Immigration Appeals contending, that his guilty plea was not voluntarily given.

## ANALYSIS

Respondents contend that Petitioner lacks subject matter jurisdiction to proceed in this Court. According to Respondents, Petitioner's claims for violations of his due process rights must fail because he did not: (1) seek an appeal to the Seventh Circuit of the adverse decision of the Board of Immigration Appeals; or (2) seek to appeal his substantial constitutional claims, embodied in his habeas petition, in the Seventh Circuit.

This Court lacks jurisdiction to review the decision of the Board of Immigration Appeals. Under 8 U.S.C. § 1252(b), Petitioner has thirty days after the denial of his appeal in the Board of Immigration Appeals to file for relief in the Seventh Circuit – which Petitioner did not do. Furthermore, Petitioner is unable to avoid this requirement by characterizing a challenge to the immigration court's ruling as a petition for habeas corpus to this Court. *See Bhatt v. BIA*, 328 F.3d 912, 914-15 (7th Cir. 2003).

With regard to the claims presented in Petitioner's habeas petition and his petition for post-conviction relief in the state court, this Court also lacks jurisdiction to decide those claims. The Seventh Circuit is the proper venue to which to bring substantial constitutional claims under the "safety valve" exception to prevent "bizarre miscarriages of justice." *Dave v. Ashcroft*, 363 F.3d 649, 652 (7th Cir. 2004) (citations omitted). Petitioner has offered no other valid basis for this Court to exercise jurisdiction.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion for Stay is denied. The Petition for Writ of Habeas Corpus is dismissed for lack of subject matter jurisdiction.

Dated: December 16, 2004

JOHN W. DARRAH
United States District Judge

4